# ANNIE E. WALDRON

## v.

## THE BRAZIL AND CHICAGO COAL COMPANY.

1. CONTRACT—DEPENDENT AND INDEPENDENT STIPULATIONS.—Where a contract stipulated that one party would "use his influence in every proper way for the advantage of said company, * * * and perform such services as the state of his health will permit," and further stipulated that "in consideration of such influence and services" said company would pay to the wife of the first party a stipulated sum each month; the first stipulation is independent, and its performance cannot be made a condition precedent to the payment of the monthly installments.

2. DEPENDENT AGREEMETS—CONDITION PRECEDENT.—The last stipulation is, however, dependent, and some performance or service during each month must be shown as a condition precedent to the right to recover for the installments as they became due.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed December 13, 1880.

This action was brought by Annie E. Waldron against the Brazil & Chicago Coal Company, to recover the installments for July, August and September, 1878, for the influence and services used and performed by Asa D. Waldron, under and upon the following agreement, entered into between the defendants and said Asa D. Waldron, May 13, 1878 :

" It is agreed between the Brazil & Chicago Coal Company, and Asa D. Waldron, this thirteenth day of May, 1878, as follows: Waldron agrees from the present time to the first day of May, 1879, to use his influence in every proper way for the advantage of said company as coal dealers in the city of Chicago, and to perform for said company such services as the state of his health will permit; but it is understood that he shall perform only such service, as under the advice of his physician he can safely undertake without injury to his health. And in consideration of such influence, and of such services, be the same more or less, said company agrees to pay to Mrs. Annie E. Waldron, wife of said Asa D. Waldron, the sum of one hundred and fifty dollars per month for the period of one year, reckoning from the first day of May, 1878, payable monthly, and to be receipted for by her, commencing on the first day of June next.

(" Signed,)                        " BRAZIL & CHICAGO COAL CO.
                                   " JNO. S. ALEXANDER, V. Pres.
                                   " ASA D. WALDRON."

The plaintiff declared specially upon the agreement, averring performance by said Asa D. Waldron as a condition precedent. Upon a trial under the general issue, the jury returned a verdict for plaintiff for $122.02, which the plaintiff moved to have set aside for insufficiency of the damages, but the court overruling that motion, gave judgment upon the verdict, and the plaintiff having preserved all the testimony and rulings of the court by bill of exceptions appealed to this court.

It appears by uncontradicted testimony, that at the time of

the contract, Asa D. Waldron, residing at Hyde Park, a suburb of Chicago, was suffering from paralysis; that the only influence he ever used, and the only services he ever performed for or on behalf of defendant, under the contract in suit, was in a single instance in the month of May, soon after the contract was entered into ; that, growing no better in health, he in the early part of the succeeding August, under the advice of his physician, left his place of residence in Hyde Park, and went to the State of New Hampshire, where he remained until his death, after the time in question; that the defendant had paid the plaintiff the installments for May and June, 1878; but it appears that said Waldron used no influence nor performed any services for defendant, or in their business, during the month of July, or any part of it, or at any time thereafter; and that he was physically unable to use any influence or perform any services.

The instructions given and refused were as follows:

1. " If the jury believe, from the evidence, that during the months of July, August and September, A. D. 1878, and each of them, Asa D. Waldron performed such service for the defendant as under the advice of his, said Waldron's physician, he could safely undertake without injury to his health, then the jury will find for the plaintiff.

2. " If the jury believe from the evidence, that during the months of July, August and September, A. D. 1878, and each of them, Asa D. Waldron could not perform any service for the defendant without injury to his health, then the jury will find for the plaintiff.

3. " If the jury find the issues for the plaintiff, in assessing her damages, they will include in such damages interest at the rate of six per cent. per annum upon each of the three monthly payments for which this suit is brought, from the time when the jury believe from the evidence, such monthly payments respectively became due and payable."

But the court refused to give these instructions to the jury, to which decision of the court in refusing to give the same and each of them to the jury, the plaintiff excepted, and the

court amended said instructions and gave them to the jury as follows:

1. " If the jury believe from the evidence, that during the months of July, August and September, A. D. 1878, and each of them, Asa D. Waldron performed service for the defendant, and such service as he could safely undertake without injury to his health, then the jury will find for the plaintiff.

2. "If the jury believe, from the evidence, that during the months of July, August and September, A. D. 1878, and each of them, Asa D. Waldron could not perform any service or exercise any influence for the defendant without injury to his health, then the jury will find for the plaintiff, provided the jury believe from the evidence that said Waldron had previously performed some service or exercised some influence for defendant under the contract sued on.

3. " If the jury find the issues for the plaintiff, in assessing her damages they will include in such damages interest at the rate of six per cent. per annum, upon any sum or sums they may find to be due plaintiff, from the time when the jury believe, from the evidence, such sum or sums became due and payable."

To which action of the court in amending said instructions, and each of them, and in giving the same as amended to the jury, the plaintiff duly excepted.

Defendant's instructions given:

1. " The jury are instructed, that by the contract sued on, the defendant was not bound by the said contract to pay the sums therein mentioned, if said Asa D. Waldron should not and did not perform any service whatever, or use any influence whatever for the defendant from and after the execution of the contract, that is, it was incumbent upon said Waldron to use some influence or perform some service, however small, from and after the day the contract was executed, to entitle the plaintiff to recover in this action.

2. " The jury are instructed that by the contract Asa D. Waldron was required to perform service and use his influence to the extent his health would permit in the city of Chicago; and that if they believe from the evidence that in August,

1878, said Walron left the city of Chicago and went to the State of New Hampshire, and never returned, but remained there till he died, then the jury are instructed that the plaintiff cannot recover for any time after said Waldron's departure from Chicago.

3. "The jury are further instructed, that by the contract sued on, Asa D. Waldron was bound to use his influence in every proper way for the advantage of the defendant, as coal dealers in the city of Chicago, if he could do so without injury to his health; and if the jury believe from the evidence, that said Asa D. Waldron, during the months of July, August and September could, without injury to his health, have exercised or used his influence for the defendant, and did not do so, then they must find for the defendant.

4. "The jury are instructed that the plaintiff is bound (in order to recover) to prove by a preponderance of all the evidence before them, that the contract sued on has been performed by said Asa D. Waldron."

To the giving of each and all of which instructions, the plaintiff then and there excepted.

Mr. H. W. WOLSELY and Messrs. HIGGINS, FURBER & COTHRAN, for appellant; that the contract was a hiring for an entire term, cited McMillan v. Vanderlip, 12 Johns. 165; Reab v. Moor, 19 Johns. 337; Jennings v. Camp, 13 Johns. 94; Monell v. Burns, 4 Denio, 121; Angle v. Hanna, 22 Ill. 429.

An employer may in his contract assume the hazard of the health of the employe: Dickey v. Linscott, 20 Me. 453.

Messrs. GRANT, SWIFT & BRADY, for appellee; that performance of services was a condition precedent to a right of recovery, cited Chitty on Contracts, 62; Schwartz v. Saunders, 46 Ill. 18; Dehler v. Held, 50 Ill. 491.

It is not error to refuse an instruction when the same proposition is contained in another given at the instance of the party asking the one refused: Chicago v. Brophy, 79 Ill. 277; Ames v. Snider, 69 Ill. 376; Lonegan v. Courtney, 75 Ill. 580; Chicago v. Hesing, 83 Ill. 204; Dickey v. Linscott, 20 Me. 453.

This is not one entire contract and service each month for which recovery is sought should be proved: 2 Parsons on Contracts, 520; Beseler v. Stephani, 71 Ill. 400; Hazen v. Pierson, 83 Ill. 241.

McAllister, P. J.   We are of opinion that the contract in suit contains one stipulation that is independent, and others that are dependent; and that the application of the settled rules of law governing actions upon dependent and independent stipulations and covenants, is the only way in which we can determine the question whether the plaintiff was entitled to recover under the circumstances of this case.   The stipulation by Waldron, that from May 13, 1878, to May 1, 1879, he would use his influence in every proper way for the advantage of said company as coal dealers, in the city of Chicago, and to perform for said company such services as the state of his health would permit, was necessarily independent, and the performance of it could not be a condition precedent to the monthly payments of July, August and September, for which the suit was brought.   But the other stipulations are: that " in consideration of such influence and such services, be the same more or less, said company agrees to pay to Mrs. Annie E. Waldron, wife of said Asa D. Waldron, the sum of one hundred and fifty dollars per month for the period of one year, reckoning from the first day of May, 1878, payable monthly, and to be receipted for by her, commencing on the first day of June next."   Now here the influence and services, more or less, were that for which the company was to pay such monthly sum.   The stipulation on Waldron's part to use his influence, and render services for said company as coal dealers in Chicago, and that of the company to pay as above stated, were therefore dependent, and some influence and service on the part of Waldron each month, for which a recovery was sought, was a condition precedent to a right to recover.   The declaration was framed upon this theory; it averring that Waldron used his influence and performed services for the defendant as coal dealers in the city of Chicago, during all the time from the making the contract to the bringing the suit.   Such averment

was as to the months sued for, necessary. Serjeant William's Notes to Pordage v. Cole, 1 Wm. Saunders, R. 320, note 4. It was also necessary that such averment of performance of the condition precedent, should have been sustained by evidence. White v. Atkins, 8 Cush. 367; Taylor v. Saird, 38 Eng. Law & Eq. 281.

We are inclined to the view that it was indispensable to a recovery, by plaintiff, for any one or more of the monthly installments, that she should have shown, as performance of a condition precedent, some influence used or services performed for defendants, as such coal dealers in Chicago, by her husband, in each of the months for which she sought to recover. If this be the correct view, then the plaintiff wholly failed to make out any cause of action against defendant; because it appears by uncontradicted testimony, coming from plaintiff's own side of the case, that her husband used no influence and did no service for or on behalf of defendant as such coal dealer in Chicago, or otherwise, during any part of the months of July, August or September, 1878; that he was physically unable to to do so.

Assuming, therefore, that in no view of the evidence was a cause of action shown, it would seem unnecessary to consider the questions raised by appellant upon the instructions to the jury. Mann v. Brady, 67 Ills. 95.

If it could be satisfactorily shown by argument that all the stipulations of the agreement are independent, then, of course, plaintiff would be entitled to recover on the mere production and proof of the instrument. The position that the single instance of influence and services in the first month of the contract, bound the defendant to the monthly payments for the whole year, seems to us utterly unsound. The judgment of the court below will be affirmed.

Affirmed.