## SARAH A. WILCOX

### v.

## CHARLES E. RADDIN.

1. LANDLORD AND TENANT—HOLDING OVER.—A tenant took a lease of other premises of his landlord, to take possession upon the expiration of his present lease, and the new premises not being ready for occupancy, the lease was surrendered. He remained in possession of the premises already occupied by him for a few days, when, upon receiving notice from his landlord that he was regarded as holding over, he vacated them. *Held*, that the holding over did not raise. an implied tenancy for another year, and that the tenant was liable only for the time he actually occupied the premises.

2. PRACTICE.—Where a plaintiff wholly fails to make out a cause of action upon the evidence, he cannot assign error upon instructions.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed December 13, 1880.

This was an action by appellant Wilcox against appellee Raddin, to recover of the latter the sum of $62.50, alleged to be an installment of rent for premises No. 169 Ashland avenue, in Chicago, under these circumstances: In the spring of 1878 appellant, by a written lease, rented said premises to appellee for the term of one year, from May 1, 1878, and until May 1, 1879, the lease containing the usual covenants, and to pay as rent $62.50 per month, in advance, all of which had been duly paid, but shortly before that lease expired, the appellant, having two agents authorized to act in respect to said premises and others next mentioned, viz: S. N. Wilcox, her husband, and George W. Wilcox, appellee, rented of appellant, through her agent, S. N. Wilcox, another house on same street and near 169, for a year, from May 1, 1879, at which time appellee was to have possession, and paid a month's rent in advance. When the time came for appellee to move into the other house it was not ready for occupancy, and for that reason an arrangement was entered into between

appellee and appellant, through her agent S. N. Wilcox, that the former might remain in premises 169 for about two weeks, until the other house was ready; that under this arrangement appellee did remain.   Then another arrangement was made to the effect that appellee should surrender his lease of the other house and appellant pay him back the month's rent he had paid, which was done.   May 6, 1879, appellant gave appellee notice in writing as follows:

" CHARLES E. RADDIN, ESQ., 118 Wabash avenue, City:

"*Dear Sir:*   Please take notice that as you hold over in my house, No. 169 Ashland avenue, and have refused to give me possession, that your lease of March 23, 1878, from May 1, 1878 to May 1, 1879, is in force, and will be for the ensuing year.                 Respectfully yours,

" SARAH A. WILCOX.
" By S. N. Wilcox."

This notice having been served on him May 6, appellee moved out the next day; and this action was to recover the installment of rent for May, 1879, on the theory that by holding over the former lease had become renewed for another year.   The court below gave the jury this instruction:

" If the jury believe, from the evidence, that the defendant never consented to remain in the premises for any term after the expiration of his lease, ·but merely held over for six or seven days, and then moved out and never paid any rent after the expiration of his lease, nor did anything indicating any intention to stay in the premises for any further term after such expiration, then he is only liable to pay the rent for the time he did stay in. "                               ⊙

The jury found for plaintiff, and assessed her damages at $14.58, and the court, overruling plaintiff's motion for a new trial, gave judgment on the verdict, and plaintiff appeals to this court, assigning for error the giving of said instruction and overruling her motion for a new trial.


Mr. JOHN M. GARTSIDE, for appellant; that the holding over raises an implied contract for a tenancy according to the terms of the old tenancy, cited Clapp v. Noble, 84 Ill. 62; Taylor's

Landlord and Tenant, 54; 1 Washburn's Real Property, 520; 1 Shannon's Blackstone, 147; 4 Kent's Com. *112; Conway v. Starkweather, 1 Denio. 113; Wait v. Mayor, etc., 5 Rob. 248; Schuyler v. Smith, 51 N. Y. 309; Bradley v. Covel, 4 Cow. 349; Osgood v. Dewey, 13 Johns. 240; Jackson v. Salmon, 4 Wend. 327; Webber v. Shearman, 3 Hill, 547; Ames v. Schuesler, 14 Ala. 600; Bacon v. Brown, 9 Conn. 334; Hemphill v. Flynn, 2 Pa. St. 144; Noel v. McCrary, 7 Coldw. 623; Shepherd v. Cummings, 1 Coldw. 354; Emerich v. Tavenor, 9 Gratt. 220; Hall v. Meyer, 43 Md. 446; DeYoung v. Buchanan, 10 G. & J. 149; Quinette v. Carpenter, 35 Mo. 502: Hunt v. Bailey, 39 Mo. 257; Storps v. Develin, 16 Mo. 162; Decker v. Adams, 12 N. Y. 99; Laquerne v. Dougherty, 35 Pa. St. 45; Phillips v. Monges, 4 Whart. 225; Dorrill v. Stephens, 4 McCord. 59; Rigga v. Bell, 5 T. Rep. 471; Digby v. Atkinson, 4 Camp. 275; Usher v. Moss, 50 Miss. 208; Dubergen v. Miller, 11 Ia. 583; Hanghaust v. Lobree, 38 Cal. 563; Gardner v. Commisiur, 21 Minn. 33; Grover v. Bulkley, 48 Ill. 189; McKinny, v. Peck, 28 Ill. 174; Otto v. Jackson, 35 Ill. 349; Clapp v. Noble, 84 Ill. 62; Prickett v. Ritter, 16 Ill. 96.

Messrs. McClellan, Tewkesbury & Cummings, for appellee; that there was no holding over under the old lease, cited Taylor's Landlord and Tenant, §§ 15, 60.

A judgment will not be reversed for error in the instructions when it appears substantial justice has been done: Pahlman v. King, 49 Ill. 266; Potter v. Potter, 41 Ill. 80; Curtis v. Sage, 35 Ill. 22; McConnel v. Kibbe, 33 Ill. 176.

McAllister, P. J. It does not seem to us that the notice given May 6, 1879, by appellant to appellee, ought to have any weight in fixing liability upon appellee for the rent of the premises in question for another year after the expiration of his lease, by tacit consent, because when the notice was given, appellee immediately vacated the premises. Had he remained after receiving the notice, that of itself would have been regarded as a tacit acquiescence in appellant's position, unless appellee could have shown that he remained in possession under some new and other contract. So that if appellee can be

Wilcox v. Raddin.

held upon an agreement implied by law, to hold the premises for another year upon the terms of the former lease, as appellant's counsel insists he should be, such implication must arise from the mere fact of his having held over for the period of seven days.

The questions of law discussed by appellant's counsel arise upon the instruction which the court below gave to the jury; and he contends that the mere fact that appellee held over after the expiration of his term for the period of seven days implies an agreement on his part to hold the premises for another year upon the terms of the former lease, and when the lessor elected to treat him as such tenant he became subject to a permanent tenancy for that time upon those terms.   The prevailing current of American decisions seem to favor that view, in-including those in this state.

Kent states the general doctrine thus: " If the tenant holds over by consent, given either expressly or constructively, after the determination of a lease for years, it is held to be evidence of a new contract, without any definite period, and is construed to be a tenancy from year to year.   The moment the tenant is suffered by the landlord to enter on the possession of a new year, there is a tacit renovation of the contract for another year, subject to the same right of distress."   4 Kent's Com. 112.   There is a conflict among the decisions, and the point of divergence is upon the question whether in the case of holding over there is a permanent tenancy, except by mutual agreement.

Taylor states the whole doctrine thus:   " It has been held that a tenant holding over after the expiration of his term, without paying rent or acknowledging a continuance of his tenancy, was either a trespasser or a tenant at will, or from year to year, at the lessor's election, but that slight acts on the lessor's part, or even a lapse of time, would be sufficient to conclude that election and fix the former as tenant, although the tenant was said to have no such election.   But this position is now denied, and the sounder doctrine seems to be that a tenant holding over, and being in merely by sufferance, may become a trespasser by the landlord's entry, but can only be a

permanent tenant by mutual agreement." Taylor's Landlord & Tenant, § 22. The learned author refers to Edwards v. Hale, 9 Allen, 462; Ackerman v. Lyman, 20 Wis. 454; Russell v. Fabyan, 34 N. H. 218. Also to Right v. Darby, 1 Term R. 159; where Lord Mansfield said: "If there be a lease for a year, and by consent of both parties the tenant continues, they are supposed to have renewed the old agreement, which was for a year."

Ibbs v. Richardson, 9 Ad. & E. 849; Levi v. Lewis, 6 C. B. N. S. 766, hold that in the absence of such mutual agreement, the tenant holding over is liable only for the time he occupied. Church v. Gas Co. 6 Ad. & E. 854. The instruction to the jury seem to have been based upon the latter doctrine.

It is unnecessary for us to pass upon that instruction, because, upon the undisputed testimony, and in no view of it, was the plaintiff below entitled to recover any more than she did. If the defendant was holding over under a new contract for a temporary occupation, then, upon no theory of the law, could he be held as undertaking by implication, to hold for a year. For that would be the substitution of an implied contract, not only where there was one express one, but would be the substitution of an implied contract of one import when there was an express one of another import. This new and different contract was testified to by the defendant, and there was not a word of testimony in opposition to it. The jury, no matter how instructed, would have no right to capriciously disregard that evidence, so long as it was uncontradicted. Where a plaintiff wholly fails to make out a cause of action upon the evidence, he can assign no error upon the instructions.

The judgment of the court below will be affirmed.

Affirmed.