CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY

v.

JAMES FLEXMAN.

1. LIABILITY OF MASTER FOR TORTS OF SERVANT—RULE AS TO COMMON CARRIERS OF PASSENGERS.—While it is a general rule that where an employe goes outside the line of his employment, and for purposes of his own inflicts an injury upon the person of one who has no claim upon the employer arising from any special relation existing between them, the employer is not liable, yet, in the case of a common carrier of passengers, the rule does not apply.

2. Duty of common carrier to passenger.—A common carrier owes a duty to passengers, that they shall, during the transit, be protected from all dangers so far as the efforts of the carrier and its servants can be made available. As to such passenger, the servants of the carrier stand in the place of the carrier, and all their acts so far as they have a direct connection with the performance or non-performance of the carrier's contract, must be held to be the acts of the carrier itself.

3. Assault by brakeman.—Where a passenger, lawfully upon a train of cars, is willfully assaulted by a brakeman upon such train, the railroad company is liable for the injury inflicted.

Appeal from the Circuit Court of Iroquois county; the Hon. Franklin Blades, Judge, presiding. Opinion filed November 2, 1881.

Appellee brought this suit in the court below to recover damages for personal injuries inflicted upon him by a brakeman in the employ of the defendant. The facts as stated in brief of appellant, and admitted by appellee to be substantially correct, are briefly as follows :

Flexman purchased from appellant's agent, a railroad ticket, entitling him to ride from Hoopston to Milford ; he took passage on a freight train carrying passengers, and very soon after boarding the train laid down on a seat in the caboose and went to sleep. Upon the arrival of the train at Milford, his place of destination, he was awakened by the conductor and informed of that fact. While the train was stopped at Milford, Flexman discovered, as he then supposed, that he had lost or been robbed of his watch and chain. He was told to get off, but refused to until his watch should be recovered, he having informed the conductor of its loss.

Thereupon, the conductor consented to allow Flexman to remain on the train until it arrived at Watseka, another station on the line of appellant's road. After the re-starting of the train in the direction of Watseka, a passenger on the train assisted Flexman in making a partial search on his person for the watch and chain, without, however, finding it. That after doing so, said passenger inquired of Flexman who he (Flexman) thought had his watch; to which he (Flexman) replied: "That fellow," pointing at and indicating the brakeman who

was then in the caboose, quite near Flexman; whereupon the said brakeman struck Flexman in the face with a railroad lantern (which at the time of Flexman's accusation was in his hand or near his person), and thereby inflicted the injury complained of. Flexman had, during the day, drunk five or six glasses of beer. There was but one other passenger on the train when Flexman boarded it, and none on its arrival at Milford. After the accident or injury complained of, the watch was found in his (Flexman's) coat pocket. The blow from the lantern severed the plaintiff's nose from his face, so that it laid over his mouth, suspended by a mere shred of flesh.

The appellee having closed his evidence, the appellant moved the court to exclude the evidence, and for a direction to the jury to find for the defendant. This the court refused to do, and the jury under the instructions found for the plaintiff, and assessed his damages at $2,000. The appellant introduced no evidence, and asked no instructions, but upon the coming in of the verdict, entered its motion for a new trial, which was overruled, and the court rendering judgment on the verdict, the defendant appealed.

Mr. HENRY CRAWFORD, for appellant; that a master is not liable for the torts of his servant, if willfully or wantonly done, cited Oxford v. Peters, 28 Ill. 434; Tuller v. Voght, 13 Ill. 277; Johnson v. Barber, 5 Gilm. 425; Wright v. Wilcox, 19 Wend. 345; McManus v. Cricket, 1 East, 106; Croft v. Alison, 4 B. & Adol. 590; Isaacs v. R. R. Co. 47 N. Y. 122; Vanderbilt v. Richmond T. Co. 2 Comst. 479; Thames S. S. Co. v. U. H. R. R. Co. 24 Conn. 40; Crocker v. New London R. R. Co. 24 Conn. 249; Lane v. Cotton, 12 Mod. 488; Wharton on Agency, § 540; Roe v. Birkenhead R. R. Co. 7 E. L. and Eq. 547; 4 Bac. Abr. title, "Master and Stewart"; Hibbard v. N. Y. & Erie R. R. Co. 15 N. Y. 455; Hillard on Torts, 40; Weed v. Panama R. R. Co. 17 N. Y. 362; Little Miami R. R. Co. v. Wetmore, 19 Ohio St. 110.

Messrs. Morris & Stearns, for appellee; upon the liability of the master, cited Goddard v. G. T. R. R. Co. 57 Me. 202;

Howe v. Newmarch, 12 Allen, 155; Angell & Ames on Corporations, § 388; Moore v. Railroad, 4 Gray, 365; Seymour v. Greenwood, 7 Hurl. & N. 354; Railroad v. Finny, 10 Wis. 388; Railroad v. Vandiver, 42 Pa. St. 356; Weed v. Railroad, 17 N. Y. 362; Railroad v. Derby, 14 How. 468; Railroad v. Hinds, 53 Pa. 512; Flint v. Trans. Co. 34 Conn. 554; Landreux v. Bell, 5 La. 275; Chamberlain v. Chandler, 3 Mason, 242; Nieto v. Clark, 1 Clifford, 145; Railroad v. Blecher, 27 Md. 277; Bryant v. Rich, 106 Mass. 180; C. & N. W. R. R. Co. v. Crocker, 36 Wis. 657; Shirley v. Billings, 8 Bush, 146; G. & C. U. R. R. Co. v. Fay, 16 Ill. 568; Keokuk Nor. L. P. Co. v. True, 88 Ill. 608; N. O. St. L. & C. R. R. Co. v. Burke, 53 Mass. 200; Hinman v. E. & N. A. R'y Co. 64 Me. 84.

PILLSBURY, J. It is not assigned for error in this court that the damages are excessive, and while the assignment of errors questions the action of the court in giving the instructions for the plaintiff, the brief and argument of appellant confine such assignment to the instructions given upon the question involving the right of the plaintiff to recover anything upon the facts before the jury, and there is no suggestion in the argument that the instruction upon the rule of damages is not correct; consequently we assume that appellant has no fault to find with the verdict so far as the damages are concerned.

"The question presented is," says counsel for appellant, "do the facts proven constitute a cause of action against the appellant? In other words, is the naked proof of an assault by the brakeman in appellant's employ as such, sufficient to make appellee's case against the appellant?"

This is the only question argued by counsel and no other will be considered.

The proof shows that when Flexman informed the conductor of the supposed loss of the watch, he told the conductor that in order to have time to search for the watch he would pay his fare to Chicago, whereupon the conductor told him that he could ride to Watseka.

Under such circumstances we consider that at the time of the assault upon him he was lawfully upon the train as a pas-

senger, and that the company still owed to him the duty imposed by the law upon a common carrier of passengers. In fact it is not denied by appellant that he was a passenger, and entitled to be treated as such by the servants of the company; the only point relied upon for a reversal being, "that the master or principal is not liable for the torts of the agent or servant, if willfully or maliciously done; or if not done within the scope or legitimate course of the employment."

It is undoubtedly true, that where the employe goes outside of the line of his employment, and for purposes of his own, inflicts an injury upon the person of one who has no claim upon the employer arising out of any special relation existing between them, being a stranger to the master, the principle contended for is properly applied and has ever been enforced as a rule of the common law, but it does not appear to us that it should be extended so as to embrace a case where the employe of a common carrier engaged in operating the train, commits a tort upon a passenger upon such train. In every contract for carriage the carrier undertakes, not only that the utmost vigilance, care and skill shall be exercised to safely transport the passenger to his destination, but that during the passenger's transit he shall be treated humanely, and protected from all dangers from whatever source arising so far as the efforts of the carrier or his servants can be made available for the protection of such passenger.

It is impossible for a railroad company, as such, to perform the contract upon its part, as it can act only through its agents and servants. The performance of its contract is entrusted to agents and servants selected by its authority for their known or presumed fitness to perform the duties assigned to them.

The passenger has no voice in the selection of the employes charged with the fulfilling of the company's contract with him, but relying upon the reasonable presumption that the company has selected competent, faithful and humane servants, he confidently submits himself to their control and direction until the completion of the contract. The employes

of the company have exclusive control of the train.  In its operation and management, and in the performance of the company's contract with the passenger, they are the representatives of the company, and as to such passenger, they stand in the place of the company, and all their acts, so far as they have a direct connection with the performance or non-performance of the contract, must be held to be acts of the company itself.

The company, knowing at the time of entering into the contract for carriage that its servants in charge of the train are the only instrumentalities through and by which it can perform its contract, must be considered as having agreed that such servants should not, either willfully or negligently, violate such contract to the injury of its patron.  If the company has stipulated that the passenger shall during his transit receive kind treatment at the hands of its servants, appointed by itself to fulfil its agreements in that regard, we fail to perceive why it should not be held liable for a breach of its contract in that respect as well as in any other.  Neither can we fully appreciate the argument that a *negligent* violation of such contract is a breach thereof, while a *willful* one is not.

The wrongful act of the employe violates his own contract with his employer at the same time that it violates that of the employer with the passenger.  And it seems to us to be more in accord with the reason and philosophy of the law, as well as with a sound public policy, that the master should be held to a reasonably strict accountability for such acts of the servant; and if any one is to look to the servant for indemnity, let it be the employer who has selected such servant, and entrusted him with the fulfilling of the master's duty to the passenger, rather than apply a principle that would confine the remedy of the passenger to an action against a servant, who in many cases might be insolvent, and for whose appointment the injured one is not in any manner responsible.  The fact that the servant is liable in tort for his wrongful act does not lessen the liability of the master, where such act is also a breach of the master's contract.  In such case the injured party has his election to sue in assumpsit for a breach

of contract duty, or in tort for the wrongful injury. Bryant v. Rich, 106 Mass. 180.

We think the principles we have stated are abundantly sustained by the authorities, to some of which we refer without commenting upon them. Finney v. R. R. Co. 10 Wis. 388; Goddard v. Grand Trunk R. R. 57 Me. 212; Bryant v. Rich, 106 Mass. 180; Ramsden v. B. &. A. R. R. 104 Mass. 117; Hanson v. E. & N. A. R. R. 62 Me. 84; Bass v. C. & N. W· R. W. 36 Wis. 450; Crocker v. C. & N. W. R. W. 36 Wis. 657; Chamberlain v. Chandler, 3 Mason, 242; Nieto v. Clark, 1 Clifford, 145; Railroad v. Blocker, 27 Md. 277; McKinley v. C. & N. W. R. W. 44 Iowa, 814; Sherly v. Billings, 8 Bush, Ky. 147.

It may be said that the plaintiff below acted very hastily in accusing the brakeman of taking his watch, but his remark did not amount to a justification for the cruel attack upon him, and could only be considered by the jury in mitigation of damages; and, not being justified, we think the action well lies against the appellant, and that the court did not err in refusing to exclude the evidence from the jury. Considered in the light of the views we have expressed, the instruction given to the jury, of which complaint is made, was as favorable to the defendant as it had a right to expect.

Determining the question submitted by counsel adversely to appellant, we affirm the judgment.

Judgment affirmed.