PETER JOHNSON
v.
E. H. FOREMAN.

*Landlord and Tenant—Recovery of Rent—Evidence—Instructions.*

1. Where one is a tenant of premises for a year, under either a written or valid verbal lease, and the tenant says to the landlord, at the end of the

Johnson v. Foreman.

year, that he will stay another year, and the landlord assents to it, and rent is paid at the former rate, it amounts to a leasing for a year, and does not create a tenancy from year to year. A tenancy from year to year will be created where a tenant holds over after the expiration of a former lease for one or more years, and pays rent, nothing being said between the parties as to the time he shall hold, and such a tenancy will be created against the intention of the tenant where he holds over without right, after the expiration of a prior term of a year, and the landlord elects to hold him as a tenant, and signifies such election.

2.   A tenancy from year to year will not be created against the contrary intention of both parties, landlord as well as tenant, and where evidence is introduced from which a contract or agreement for a definite time at the same rent may be inferred, the question must be determined as one of fact, whether the holding over is under such agreement as to a definite time, or as a tenant from year to year.

3.   In an action to recover a certain sum alleged to be due as rent, this court holds as erroneous an instruction, that "under the evidence the plaintiff is entitled to recover," there being an issue of fact as to the existence of a verbal lease, which should have been submitted to the jury, and that the judgment for the plaintiff can not stand.

[Opinion filed May 5, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. J. P. ALTGELD, Judge, presiding.

Messrs. H. C. BENNETT and W. A. PHELPS, for appellant.

Mr. B. J. WERTHEIMER, for appellee.

MORAN, P. J.   This was an action by appellee against appellant to recover $75, as the rent of certain premises for one month.   On the trial of this case in the court below the jury gave the following instructions:

"The court instructs the jury that under the evidence in this case, the plaintiff is entitled to recover the rent for August, 1889."

On a careful examination of the record, we are compelled to the conclusion that the condition of the evidence did not warrant the court to take from the jury all questions of fact and direct a verdict for the plaintiff.   There were, under the evidence, issues of fact for the jury to determine, which the court was not authorized to treat as conclusively settled.

Appellant had been for ten years prior to May 1, 1889, a tenant of the fourth floors of Nos. 172 and 174 South Clark street, Chicago, under a Dr. Bassett, for nine years under written leases each for a yearly term from May 1st to May 1st, and the last year without a written lease. On May 4, 1889, said Bassett made a lease of the entire building to appellee, Foreman, and said Foreman called on appellant, and some conversation was had about appellant continuing in the premises. There is a conflict of evidence between appellant and appellee as to what was said at this interview. Appellant testified that it was agreed between them that if he did not sign a lease he could move out when he pleased, and Foreman could put him out whenever he wished; that he would sign a lease for one year if the terms of the lease suited him; that he paid one month's rent, and that Foreman was to make out the written lease and he would look it over; that on the first of June Foreman came with a receipt for that month's rent, and appellant paid it, and Foreman left a written lease with him to sign; that he looked it over and took it back to Foreman on the 3d of June and told him it was a cut-throat lease, and that he would not sign it, but would move out, and that Foreman said he would hold him for a year's rent. Appellant moved out on June 20th and tendered the keys to Foreman.

Foreman's account of the transaction is, that on the 4th of May he called on appellant and asked him if he wished to stay, and he said he did; that Foreman told him he wanted $100 per month for the place, and appellant said he had been paying $900 per year and that he could not afford to pay more. After some further talk, Foreman consented that appellant might have the premises for $75 per month, and appellant agreed to take them at that rate for one year and paid the first month's rent. Foreman then left, saying that he would bring up a lease for appellant to sign. On the 1st of June he called on appellant and received the June rent, and handed to appellant a written lease, which he said he would look over and bring down; that in a few days after appellant came down and threw the leases on the desk and said he would not

Johnson v. Foreman.

sign them, they were cut-throat leases. Whereupon, Foreman said to him, "All right, if you do not sign them I will hold you under a verbal lease, that is all." From this evidence it is very clear that there was an issue of fact between appellant and appellee as to whether a verbal lease for a year was made between them on the 4th of May. Such issue was for the jury to settle. It is probable that the court in giving said instructions meant to ignore such issue of fact, on the theory that the evidence showed that appellant was holding the premises at the time that appellant became assignee of the reversion as a tenant from year to year. If it were true, as a matter of fact, the appellant was holding as a tenant from year to year, for the year ending May 1, 1889, then by the assignment of the reversion, he would continue in that relation under the assignee, unless by mutual consent or proper notice that relation should be terminated; but it is by no means clear that he was holding as tenant from year to year during the last year of his occupation under Bassett.

The testimony of Bassett as to that matter was as follows : After stating that appellant had been a tenant of his in the premises for ten years, he was asked if there was a written lease with him, and answered : " Generally. The last year there was a written lease made but it was never handed to him.

Q. Had you a written lease with him at any time?

A. Yes, sir.

Q. How did they run—from year to year, or month to month?

A. From year to year always.

Q. When did you have the last written lease with him that was signed?

A. I think it was in 1888.

Q. What happened after that lease ran out? What was done when that lease ran out?

A. He continued on another year.

Q. Without a written lease?

A. Without a written lease.

Q. Was any new arrangement made at all?

A. *None at all, except for the year; he said he would stay another year.*"

Appellant, when asked about his occupation under Bassett, said: "I occupied it nine years under lease and one year without a lease, making ten years altogether." It can not be said that that evidence leads to the certain conclusion that there was established a tenancy from year to year. What was the true inference to be drawn from it, was a question for the jury and not for the court. From Bassett's testimony it is inferable that there was a verbal lease for another year at the same rental as the prior year. There was no *written* lease, but appellant said he would stay another year. Johnson says, "One year without a lease;" but does he mean without a *written* lease? That is not clear, and it is very probable that both witnesses when using the word lease, mean *written* lease only.

When one is a tenant of premises for a year, under either a written or a valid verbal lease, and the tenant and landlord come together at the end of the year, and the tenant says to the landlord that he will stay for another year, and the landlord assents to it and rent is paid at the former rate, that is leasing for one year, and does not create a tenancy from year to year. A tenancy from year to year will be created where a tenant holds over, after the expiration of a former lease, for one or more years, and pays rent, nothing being said between the parties, no agreement as to the time he shall hold being made. So, also, such a tenancy will be created, and against the intention of the tenant, where the tenant holds over without right after the expiration of a prior term of a year, and the landlord elects to hold him as a tenant and signifies such election. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151.

But it must always be borne in mind that a tenancy from year to year will not be created against the contrary intention of both parties, landlord as well as tenant, and therefore where evidence is introduced from which a contract or agreement for a definite time at the same rent may be inferred, the question must be determined as one of fact, whether the holding over is under such agreement as to definite time, or as a tenant from year to year.

Johnson v. Foreman.

If appellant held the last year from Bassett under a verbal agreement to continue for a year at the former rent, then he was not a tenant from year to year, but a tenant whose lease terminated without notice from either party, and by its own limitation. But it is argued in favor of appellee, that if appellant was not a tenant from year to year when appellee became entitled to the reversion, he became a tenant to appellee from year to year by holding over after the expiration of his prior lease and paying rent to appellee; that appellee, finding him in possession, had the right to elect to hold him as tenant from year to year.

Without deciding whether appellee could, under the circumstances shown in this case, by his election, hold appellant as a tenant from year to year, let us assume that he could do so. Then the question arises, did he do so? We see that instead of signifying such an election, he entered into negotiations with him for a term of one year, and contends that he, in fact, made a verbal lease for such term. True, appellant continued in possession and paid rent, but, as we have before stated, it is for the jury to say under what agreement he did so. If he held under the agreement that he claims was made, or under the one which appellee claims was made, in either case he would be holding under an express contract, and therefore the law will not imply a contract to govern his holding. Wilcox v. Raddin, 7 Ill. App. 594.

Whatever view may be taken of the case, and on whatever ground the plaintiff may rest his claim to recover, there was an issue of fact to be submitted to the jury, and for the error in giving the jury the peremptory instruction, the judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*