# Carey-Lombard Lumber Company v. Mrs. John Hunt.

1. EVIDENCE—*Accounts.*—If a party puts in evidence an account for any purpose, he makes the whole of it evidence.

2. PAYMENTS.—*Application of in Accounts.*—Where no application of the credits to the payment of any specific charges is shown, they will be applied to the earliest items of the account.

3. ASSIGNMENT OF ERRORS.—*Where Plaintiff has Failed to Make Out a Case.*—Where a plaintiff wholly fails to make out a cause of action upon the evidence, he can assign no errors upon the instructions.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

ISRAEL COWEN, attorney for appellant.

WINSTON & MEAGHER, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

For the appellee the court gave an instruction substantially like the first one held to be erroneous in Wickersham v. Beers, 20 Ill. App. 243, but made still worse by stating that "it frequently happens that the witness" makes mistakes, etc., and besides there was nothing in the case to which the instruction was relevant.

Language used by courts on questions of fact, among which is credit due to witnesses, is not to be repeated in instructions to juries. Fairbury v. Rogers, 98 Ill. 554; Pennsylvania Co. v. Conlan, 101 Ill. 93.

But yet this judgment is not to be reversed.

The suit is for lumber alleged to have been sold and delivered by the appellant to the appellee. There is conflicting testimony whether she promised to pay for lumber charged by the appellant to a contractor who built a house for her, but as the appellant says, sold only upon her credit; but there is no such evidence in the record as would justify a verdict that the lumber for which it charged, was in fact ever delivered.

There is proof in a general way that the lumber with which the house was built was furnished by the appellant. Also that the contractor has paid $500 specially on account of that lumber. But of items of the total account of $870.64, or of any acknowledgment of indebtedness by her, there is no proof. The appellant put in what purported to be receipts for lumber delivered at the building, several of which were not signed at all; most of them were signed McLellan, and one of them by another name, without any proof of the signatures; but a bare inspection of them shows that the same hand that prepared them for signature, which must have been done in the office of the appellant, also wrote the signatures.

It is true that the appellee—defending on the ground that if liable at all it was only as guarantor, and therefore not bound without a writing—showed by the ledger of the appellant that the lumber was charged to McLellan. But on no principle of common sense or justice does that act make the ledger evidence that the items were correct.

The correctness of the account was a matter of which she could not have knowledge.

The appellant had admitted during the trial that the account was kept under the name of McLellan, and the putting in of the book was wholly useless.

While the general rule is that if a party puts in an account for any purpose he makes the whole of it evidence, yet here was an account aggregating several thousand dollars, on which the credits exceeded three thousand dollars, and the debit balance was less than the sum claimed from the appellee. No application of the credits to the payment of any specific charges was shown, and therefore they would be applied to the earliest items of the account. Dehner v. Helmbacker, 7 Ill. App. 47.

The items later than any that the appellant could claim of the appellee exceeded the debit balance.

The credits thus applied extinguished the charges which the appellant sought to recover from the appellee. It is not improbable that the very money the appellee had paid to the contractor had been received by the appellant.

The appellant having, therefore, no case, can not complain of instructions. Waldron v. Brazil and Chicago Coal Co., 7 Ill. App. 542.

"Where a plaintiff wholly fails to make out a cause of action upon the evidence, he can assign no error upon the instructions." Wilcox v. Raddin, 7 Ill. App. 594.

The judgment is affirmed.