### William Barger, by Next Friend, v. North Chicago Street R. R. Co.

1. PLEADING—*To be Taken Most Strongly Against the Pleader.*—A pleading is to be taken most strongly against the pleader. So where the allegation showed that the plaintiff was on a car, ready to pay fare, *it was held* sufficient to show that he was a passenger, and as such, lawfully upon the car; but without an allegation charging the defendant as a common carrier of the plaintiff as a passenger, he was not entitled to claim that redress which he could only have where such relation existed.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 18, 1894.

A. B. ST. JOHN, attorney for appellant; ALLAN C. STORY and FRED. W. STORY, of counsel.

EDMUND FURTHMANN, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action for personal injury. The appellant (plaintiff) testified that he got upon the front platform of a horse-car of the appellee (defendant), by invitation of the driver, and by his direction stood on the driver's right hand. That he, the plaintiff, had a nickel in his pocket, but the conductor did not come or ask for fare; that the driver struck him, the plaintiff, knocking him off the car, and the wheels ran over his leg, injuring it so that it was amputated. As to being pushed from the car, he was corroborated by two other witnesses.

No count of the declaration alleges in terms that the plaintiff was a passenger, though two of them allege that he was lawfully upon the car, and was pushed from it by the driver. Consistently with the declaration he may have been the car-driver's own son, bringing a lunch.

Showing that the plaintiff was on the car, ready to pay fare (the truth of that showing being a question for the jury), is a showing that he was a passenger, and as such, lawfully upon the car; but without a count charging the defendant as a common carrier of the plaintiff as a passenger, the plaintiff was not entitled to claim redress which he could only have if such relation existed.

Now, the responsibility of a passenger carrier for the conduct of its servants toward other persons upon the car, exists only when such others are passengers, or when its servants are discharging some duty they owe to their master.

For a willful trespass by the servant the carrier is responsible if the person injured was a passenger. Chicago & E. I. v. Flexman, 103 Ill. 546; S. C., 9 Ill. App. 250. No authority goes beyond that.

The cases most nearly like this are Chicago, M. & St. P. v. West, 125 Ill. 321, and North Chicago City Ry. Co. v. Gastka, 128 Ill. 613. In those cases, however, the ground of the decisions is that the acts of the servants from which the injuries resulted were performed within the general scope of their employment, etc. Here there is neither allegation

in the pleadings, nor suggestions in the evidence, that the driver was performing any duty he owed to the appellee. The appellant raises some apparently unimportant questions about evidence, but as, with one trivial exception, no reference is made in the brief to where, in thirty pages of abstract and two hundred of record, the matter can be found, we have not searched for it.

Complaint is made of the refusal of some, and modification of other, instructions asked by the plaintiff; but the abstract shows that the court gave three instructions on that side which are not set out in the abstract, and all the law he was entitled to may have been in them.   Said the Supreme Court in Chapman v. Chapman, 129 Ill. 386, " The series of instructions given does not appear in the abstract, nor is it shown, in any manner, that the jury was not properly instructed on behalf of appellant, nor that the refused instructions were not, in effect, given in others   *   *   *   we might with propriety refuse to consider the point."

The difficulty with this case is that, though the plaintiff put in testimony, which, if true, entitled him to recover for an injury to him as a passenger, his declaration does not claim that he was a passenger, nor in any way set out a state of facts that would make the appellee responsible for the alleged acts of the car driver.   It does not state a cause of action.   Judgment upon it would be reversed, if the insufficiency of the declaration were assigned as error.   Chi., Mil. & St. P. v. Hoyt, 50 Ill. App. 583.   We can not for errors, if any there be, reverse a judgment for the defendant in a case where, upon the record, the plaintiff could have no right to a judgment.   Theodorson v. Ahlgren, 37 Ill. App. 140; Davis v. Johnson, 41 Ill. App. 22; Carey-Lombard Co. v. Hunt, 54 Ill. App. 314.   The judgment is affirmed.

MR. JUSTICE GARY ON REHEARING.

The abstract shows that on the trial below the appellee put in evidence some rules of the appellee relating to the conduct of car drivers, and that the appellant excepted to the admission of those rules in evidence.

It does not appear that in the court below any further notice was taken of those rules, nor were they alluded to in the opening brief of the appellant.  In the reply brief there is an allusion to rules in evidence, not stating what they were, or where they might be found, unless such parentheses as these (10–11)—(38–233), without more, are guides.

A rehearing could not be granted even if those rules affected the questions which we had to decide.  People v. Hanson, 37 N. E. R. 580, is express.

The appellant must abide by the case made in the opening brief, say the Supreme Court.

Rehearing denied.