**Samuel T. Stites, Appellee, v. Egbert T. Wilson, Appellant.**

**Gen. No. 5519.**

LANDLORD AND TENANT—*effect of hold-over.* Where a tenant holds over after the expiration of his term, without any new contract in respect thereto, the landlord has the option to treat him as a trespasser, or waive the wrong of holding over and treat him as a tenant for another year, upon the same terms as in the original lease; and if there is no conflict in the evidence as to the facts, the question whether such hold-over tenant became a trespasser is one of law to be determined by the court.

Forcible detainer. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

E. D. REYNOLDS, for appellant.

FISHER & NORTH, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action of forcible detainer brought on December 7, 1909, by appellee under clause 4, section 2, chapter 57, Hurd's R. S., before a justice of the peace of Winnebago county against appellant to recover the possession of a house and lot, situated in the city of Rockford, and afterwards taken on appeal to the Circuit Court of said county. On the trial there, appellee introduced in evidence a warranty deed of the premises in controversy, proved that he then owned the same and that he served a thirty day notice on appellant to quit possession thereof on or before December 6, 1909; that appellant was in possession, and rested. Appellant testified in his own behalf and rested. Thereupon the court directed the jury to find the appellant guilty of unlawfully withholding the possession of the premises. The jury found him guilty. A motion for a new trial was denied. Judgment was entered on the verdict and this appeal was taken to review the judgment.

The evidence shows that appellant lived in East Rockford; that Addie E. Wilson, his mother, owned several houses in South Rockford, one of which she occupied; that in the spring of 1907, she entered into a verbal agreement with appellant that he might occupy with her the premises involved in this suit, in consideration that he would care for her property and collect the rents. Appellant moved into the premises April 6, 1907, cared for her property and collected the rents until December following, when she finally ceased living there and informed him that her son George would thereafter collect her rents. Appellant testified that he entered upon a tenancy of the premises for one year, commencing April 6, 1907, and ending April 6, 1908; that in April, 1908, his mother

told him that he could stay one more year, and that he supposed his second lease started from April 6, 1908. In November, 1908, she demanded possession of the premises, and on his refusal to surrender them, commenced a suit in forcible detainer to recover their possession, which she afterwards dismissed, and sold the property to appellee.

It is contended that appellant's tenancy was from year to year and could not be terminated without the 60 day notice required by section 5, chapter 80, Hurd's R. S.

"When one is a tenant of premises for a year, under either a written or verbal lease, and the tenant and the landlord come together at the end of the year, and the tenant says to the landlord that he will stay for another year, and the landlord assents to it and the rent is paid at the former rate, that is a leasing for one year, and does not create a tenancy from year to year. A tenancy from year to year will be created where a tenant holds over, after the expiration of a former lease, for one or more years, and pays rent, nothing being said between the parties, no agreement as to the time he shall hold being made." Johnson v. Foreman, 40 Ill. App. 456. Appellant's possession from April 6, 1908, to April 6, 1909, was a new leasing for one year, which expired April 6, 1909, according to his own evidence.

Where a tenant holds over after the expiration of his term, without any new contract in respect thereto, the landlord will have the option to treat him as a trespasser, or waive the wrong of holding over and treat him as a tenant for another year, upon the same terms as in the original lease. Goldsbrough v. Gable, 140 Ill. 269; Eppstein v. Kuhn, 225 Ill. 115; Weber v. Powers, 213 Ill. 370. After April 6, 1909, appellant had no contract to retain possession of the premises, and he neither paid nor tendered rent therefor, and his holding over thereafter, made him either a tres-

passer or a tenant at will. Therefore, appellee who became the owner December 5, 1908, had the option as landlord to treat him as a trespasser or waive the wrong of holding over and treat him as a tenant. He elected to treat appellant as a trespasser or tenant at will, and neither the notice required by section 5, chapter 80, Hurd's R. S., or the 30 day notice that he gave appellant, was necessary for the maintenance of the suit.

It is also contended that the legal presumption arising from the holding over, is that appellant became a tenant from year to year, and that said presumption can only be rebutted by proof of a contrary intention; and whether appellant did hold over was a question of fact to be determined by the jury, and the peremptory instruction should not have been given. In the several cases cited in support of this contention, the evidence was conflicting. In this case no one disputed the testimony of appellant upon the sole point controlling the case. There was no conflict in the evidence and the facts controlling the question were admitted. There was nothing under the admitted facts for a jury to pass upon. Therefore, the question of appellant's tenancy became a question of law, and it was not error for the court to instruct the jury to find the defendant guilty.

The judgment is therefore affirmed.

*Affirmed.*